# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 7:01-CR-42-1F |
| Donald McLeod, Jr. ) | USM No: 19648-056 |
| Date of Previous Judgment: November 4, 2002 ) | |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney  R. Clarke Speaks |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of the _____defendant_____ under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and the court having considered such motion,

**IT IS ORDERED** that the motion is:

☒ DENIED.   ☐ GRANTED  and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to**    months.

If the amount of time the defendant has already served exceeds this sentence, the sentence is reduced to a "Time Served" sentence, subject to an additional period of up to ten (10) days for administrative purposes of releasing the defendant.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

Previous Offense Level: _____          Amended Offense Level: _____

Criminal History Category: _____       Criminal History Category: _____

Previous Guideline Range: _____ to _____ months    Amended Guideline Range: _____ to _____ months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ Other (explain):

Continued on page 2

## III. ADDITIONAL COMMENTS

After reviewing all relevant factors, the court finds that Section 1B1.10, Application Note 4(A), Exclusion Relating to Revocation, provides that only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. Consistent with the holding in Dillon v. United States, 130 S.Ct. 2683 (2010), a reduction in the term of imprisonment imposed upon revocation of supervised release is not authorized. The sentence for which the defendant is currently incarcerated results from a revocation of supervised release. Therefore, the defendant is not eligible for a reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 as amended, and the defendant's motion is denied.

Except as provided above, all provisions of the judgment dated November 4, 2002 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 11/23/2010

_____
Judge's signature

Effective Date: _____
(if different from order date)

James C. Fox, Senior U.S. District Judge
Printed name and title